Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

**WEI QIANG CHEN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales, Respondents.**

No. 05–5872–ag.

United States Court of Appeals, Second Circuit.

Dec. 26, 2006.

Yee Ling Poon, Robert Duk–Hwan Kim, New York, New York, for Petitioner.

For Respondents: Because the Court did not receive a brief from the respondent within fifteen days of the October 11, 2006 due date specified in the scheduling order issued September 11, 2006, this case has been reviewed and decided without the benefit of a respondent's brief. See Local Rule § 0.29(d).

PRESENT: Hon. WALKER, Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

Petitioner Wei Qiang Chen, a citizen of the People's Republic of China, seeks review of a October 4, 2005 order of the BIA affirming the May 11, 2004 decision of Immigration Judge ("IJ") Sandy K. Hom denying his application for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Wei Qiang Chen,* No. A97 752 918 (B.I.A. Oct. 4, 2005), *aff'g* No. A97 752 918 (Immig. Ct. N.Y. City May 11, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision directly. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir. 2003). Here, the BIA engaged in impermissible fact-finding when it "noted" for the first time on appeal that Chen testified inconsistently by (1) stating in his original application that he was involved in the democratic political movement in China, then disavowing that statement in his testimony, and (2) testifying initially that one policeman beat him then later stating that two men beat him. *See* 8 C.F.R. §§ 1003.1(d)(3)(iv), 1003.3(f). We therefore review only the IJ's reasons for making the adverse credibility determination.

We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Particular deference is given to the trier of fact's assessment of demeanor. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005); *Zhou Yun Zhang,* 386 F.3d at 73–74. In addition, the Court generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent

statements ... about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters." *Id.* at 74 (internal quotation marks omitted).

■ Here, where Chen failed to mention in his initial asylum application that he had been beaten while in custody, the IJ correctly classified the omission as major. Chen does not contest this finding. However, the record also indicates that Chen obtained an attorney before his merits hearing who assisted him in amending his application in order to remedy the omission. In the amended application, Chen stated that he was beaten and abused during his detention. He further stated that he had left this information out of his initial application because a travel agency had told him that his "written statement did not need to be detailed."

The IJ erred by failing to address whether these factual allegations were consistent, rational or believable. Instead, he rejected Chen's explanation because he had signed his initial application when he submitted it and signed it again at his asylum interview. Accordingly, the IJ found that Chen knew or should have known the document's contents.[1] However, Chen did not state that he was unaware that his statement did not contain details about his detention. Instead, he explained that he had relied on bad legal advice from the travel agency who purposefully left out the information. We note that Chen's attorney made several attempts to call into question the legal competency of the travel agency Chen had used, but that the IJ rejected the arguments as irrelevant. However, Chen's reliance on the travel agency's advice is relevant to his claim, where it goes to the heart of his explanation for why there was an omission in his application statement.

■ The IJ also rejected Chen's explanation for the omission because he did not provide any documentary evidence that he had actually used a travel agency. Because the IJ failed to address, or misconstrued, Chen's explanation for why there was an omission in his initial asylum application, Chen's lack of corroboration cannot be the sole basis for the IJ's adverse credibility determination. *See Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000). In addition, although the IJ identified some pieces of evidence that could have been submitted to corroborate Chen's claims, such as a "receipt or business card relating to this [travel agency]," he did not offer Chen the opportunity to obtain the evidence. *See Li Zu Guan v. INS,* 453 F.3d 129, 141 (2d Cir.2006).

Furthermore, we cannot agree with the IJ's alternative finding that, assuming credibility, Chen failed to prove persecution or a reasonable fear of future persecution. We have held "that severity [of alleged persecution] must be assessed with regard to the *context* in which the mistreatment occurs, and that conduct that, in other contexts, could fairly be characterized as the mere annoyance and distress of harassment, can take on an entirely different character when officially inflicted on an individual while detained on account of protected grounds." *Gjolaj v. BCIS,* 468 F.3d 140, 143 (2nd Cir.2006).

■ Here, Chen's mistreatment was severe, and on account of a protected ground, where he alleged that he was abducted by security guards at his school after they broke into his room while he and his boyfriend were being intimate.

---

[1] We agree that 8 C.F.R. § 1208.3 indicates that an "applicant's signature establishes a presumption that the applicant is aware of the contents of the application."

They took him to a police station where he was tied to a chair and abused for one hour by police who hit him, kicked him and beat him with an electronic baton. While the police abused Chen, they told him to confess that his homosexuality was harmful to the society's morals. When Chen refused to confess, the police heated up a knife blade until it was red hot, then burned and cut him with it. He then signed an official confession because he "couldn't stand the pain," and was detained for three days. Chen testified that his boyfriend was also beaten at the police station.

In addition, the IJ's characterization of Chen's arrest and detention as a "a single isolated event" is not accurate. Although Chen was arrested only once by the police, he also described numerous events indicating continuous discrimination and harassment by government officials and private individuals which prevented him from finding work. We also find that given the persistent mistreatment Chen alleged, his ability to receive some benefits from the government do not undermine his alleged fear of persecution. Neither do we find the articles on which the IJ relied in assessing country conditions in China to be conclusive. Finally, because the IJ's denial of asylum is flawed, the related denial of withholding of removal and CAT relief, which were based at least in part on the same factual predicate, cannot stand.

For the foregoing reasons the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments in this case is DENIED in ac-

cordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).