Artur NEPRAVISHTA, Merita Nepravishta, Maikell Nep-ravishta Petitioners,

v.

Alberto R. GONZALES, U.S. Attorney General, Respondent.

No. 06–3870–ag.

United States Court of Appeals, Second Circuit.

March 29, 2007.

Gregory Marotta, Law Office of Richard Tarzia, Belle Mead, NJ, for Petitioner.

Samuel G. Williamson, Assistant United States Attorney, for Craig S. Morford, United States Attorney for the Middle District of Tennessee, Nashville, TN, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioners Artur, Merita, and Maikell Nepravishta, natives and citizens of Albania, seek review of an August 3, 2006 decision of the BIA denying petitioners' claims for asylum, withholding of removal and relief under the Convention Against Torture ("CAT") and thereby vacating the December 22, 2004 decision of Immigration Judge ("IJ") Noel A. Ferris granting petitioners' claim for asylum. *In re Artur Nepravishta, Merita Nepravishta, Maikell Nepravishta,* Nos. A 77 610 791/792/793 (B.I.A. Aug. 3, 2006), *vacating* Nos. A 77 610 791/792/793 (Immig.Ct.N.Y.City. Dec. 22, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA vacates the IJ's decision, we review the decision of the BIA, *see Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005), except to the extent that the BIA adopts portions of the IJ's reasoning, in which case we review the decision of the IJ, *see Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review questions of law, including what evidence will suffice to sustain an applicant's burden of proof, *de novo.* *See Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 146 n. 2 (2d Cir.2003).

■ Due to the BIA's failure to address whether the petitioner had been subjected to persecution, we are unable to review whether Artur Nepravishta was entitled to a presumption of a well-founded fear of future persecution, and thus whether the agency applied the correct burdens of proof when adjudicating his asylum claim.

*See Beskovic v. Gonzales,* 467 F.3d 223, 227 (2d Cir.2006).

Even if we were to assume that the BIA adopted the IJ's determination that Artur Nepravishta had suffered no past persecution, we find the IJ's determination was similarly insufficient to permit meaningful review, in that her decision cited no standard for persecution, *see id.,* and did not clearly consider the cumulative effect of Artur Nepravishta's mistreatment in both 1990 and 1998, the verbal threats he encountered, and the derogatory remarks directed at him as a child. *See Poradisova v. Gonzales,* 420 F.3d 70, 78–80 (2d Cir. 2005).

We note the necessity of considering harm in the context in which it occurred, and the fact that we have held that in certain circumstances that a minor beating, if officially inflicted, may rise to the level of persecution. *Beskovic,* 467 F.3d at 226; *Gjolaj v. BCIS,* 468 F.3d 140, 142–43 (2d Cir.2006). Accordingly, should the agency conclude on remand that petitioner suffered past persecution, it should address petitioner's claim that he merits asylum due to the severity of his past persecution alone, even in the absence of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1)(iii).

We further find that the BIA exceeded the scope of its review in failing to apply the clearly erroneous standard to the IJ's findings related to the objective reasonableness of Artur Nepravishta's fear of future persecution. *See* 8 C.F.R. § 1003.1(d)(3)(i); *Fen Yong Chen v. BCIS,* 470 F.3d 509, 513–514 (2d Cir.2006). Moreover, while the BIA may take administrative notice of current events, *see* 8 C.F.R. § 1003.1(d)(3)(iv), it must also take into account significant factual allegations

made by the applicant, *c.f. Latifi v. Gonzales,* 430 F.3d 103, 105 (2d Cir.2005). While it is true that the Democratic Party became the majority party in the Albanian national government in 2005, *see id.* at 106 n. 1, Artur Nepravishta claimed that the Socialist Party retained significant control over local government. This allegation, which the BIA failed to acknowledge, could have a significant effect on the objective reasonableness of petitioner's claimed fear of future persecution and torture. Although we do not suggest that the change in government in Albania is irrelevant to petitioner's well-founded fear, we remand for the agency to perform a more reasoned analysis as to how the change in the majority party in the Albanian national government affects the petitioners' claims for relief.[1] *See, e.g., Tambadou v. Gonzales,* 446 F.3d 298, 304 (2d Cir.2006).

As the errors in the agency's analysis of Artur's asylum eligibility bear upon his eligibility for withholding of removal and CAT relief, we remand these latter claims as well. *See, e.g., Abankwah v. INS,* 185 F.3d 18, 26 (2d Cir.1999). Because the record requires significant factual development in order to review petitioner's eligibility for relief, we remand to the BIA with instructions to remand to the IJ for further proceedings.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this order. Having completed our review, the motion for a stay of removal is DENIED as moot.

---

1. We also note that, before finding Artur's fear of future persecution or torture undermined by the fact that Artur's relatives remain unharmed in Albania, the agency should further develop the record as to whether Artur is similarly situated to these relatives. *Cf. Matter of A–E–M,* 21 I. & N. Dec. 1157, 1160 (BIA 1998).