**CHAO YU SUN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales, Attorney General, Respondents.**

No. 06–4523–ag.

United States Court of Appeals, Second Circuit.

Aug. 7, 2007.

**694**

David X. Feng, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, James E. Grimes, Senior Litigation Counsel, Debora Gerads, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, District of Columbia, for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Chao Yu Sun, a native and citizen of China, seeks review of the August 31, 2006 order of the BIA affirming the November 18, 2004 decision of Immigration Judge ("IJ") Alan L. Page denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chao Yu Sun*, No. A79 683 107 (B.I.A. Aug. 31, 2006), *aff'g* No. A79 683 107 (Immig. Ct. N.Y. City, Nov. 18, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004); *see also Gjolaj v. BCIS,* 468 F.3d 140, 143 (2d Cir.2006) (reviewing the question of nexus for substantial evidence). However, we will vacate and remand for new findings if the agency's reasoning or its fact-

finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

It is unnecessary to examine the IJ's credibility determination because, even assuming that Sun testified credibly, Sun failed to demonstrate that his fear of future punishment bore any nexus to a protected ground. According to Sun, police came to his family's home because of their perception of his parents' belief in Falun Gong. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 (2d Cir.2005). Absent further evidence, however, this does not demonstrate that the police imputed a belief in Falun Gong to Sun himself. *See Chun Gao,* 424 F.3d at 129. Indeed, Sun specifically testified that police *did not* believe that he practiced Falun Gong. Even if a reasonable fact-finder could have inferred from the available circumstantial evidence that the police imputed a pro-Falun Gong opinion to Sun, the record does not compel this conclusion. *See Gjolaj,* 468 F.3d at 142–43 (reviewing the IJ's factual findings, including the nexus finding, as conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary).

Furthermore, there is no evidence that any future attempts by Chinese police to arrest and punish Sun would be motivated, even partially, by a perception that he believes in Falun Gong. *See Osorio v. INS,* 18 F.3d 1017, 1028 (2d Cir.1994); *see also Yueqing Zhang,* 426 F.3d at 545. The subpoena that Sun submitted stated that he is wanted because he fought with the police and because he escaped to avoid punishment, not because he was involved with Falun Gong (although the same document stated that his parents were wanted for their practice of Falun Gong). Moreover, Sun himself asserts no fear of pun-

ishment by reason of an imputed belief that he is a Falun Gong adherent. Rather, he testified that he fears persecution because he had a conflict with the police. It therefore appears that in Sun's case "the motive for the abuse" (if any) would be directed toward "punishment for criminal acts." *In re S–P–,* 21 I. & N. Dec. 486, 493–94 (BIA 1996). Punishment for violation of a generally applicable criminal law is not persecution. *See Saleh v. U.S. Dept. of Justice,* 962 F.2d 234, 239 (2d Cir.1992). Substantial evidence thus supports the IJ's finding that Sun failed to demonstrate that he would face punishment in China on account of a protected ground. *See, e.g., Gjolaj,* 468 F.3d at 142–43. Accordingly, the IJ properly denied his asylum claim.

Regarding withholding of removal and CAT relief, because Sun failed to challenge the IJ's denial of these claims in his BIA appeal, as a statutory matter we lack jurisdiction to consider them. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006). Therefore, we dismiss the petition for review with respect to these claims.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. The pending motion for a stay of removal in this petition is DISMISSED as moot.