**DAN LING JIANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–1402–ag.

United States Court of Appeals, Second Circuit.

Oct. 24, 2008.

Theodore N. Cox, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Barry J. Pettinato, Assistant Director, Carmel A. Morgan, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROBERT A. KATZMANN, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Dan Ling Jiang, a native and citizen of the People's Republic of China, seeks review of the March 12, 2008 order of the BIA affirming the April 28, 2006 decision of Immigration Judge ("IJ") Vivienne E. Gordon–Uruakpa, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dan Ling Jiang,* No. A95 709 758 (B.I.A. Mar. 12, 2008), *aff'g* No. A95 709 758 (Immig. Ct. N.Y. City Apr. 28, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice,* 489 F.3d 517, 523 (2d Cir.2007). Because the agency did not make an explicit credibility determination in Jiang's case, she is afforded "a rebuttable presumption of credibility." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007); *see also Gjolaj v. BCIS,* 468

F.3d 140, 143 (2d Cir.2006) (reviewing the question of nexus for substantial evidence).[1]

■ As a preliminary matter, because Jiang failed to sufficiently challenge the agency's denial of her CAT claim in her brief to this Court, we consider that claim to be waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005). Accordingly, we review only her challenge to the agency's denial of asylum and withholding of removal.

■ As amended by the REAL ID Act, Title 8, Section 1158(b)(1)(B)(i) of the U.S. Code provides that an asylum "applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." We find no error in the agency's conclusion that Jiang's asylum claim lacked a sufficient nexus to a protected ground. Jiang claimed that she feared being arrested, as her father had been after he used her name to open an account into which he deposited allegedly embezzled funds. We agree with the agency that such fear was of prosecution, not persecution on account of a protected ground. We have observed that the possibility that an individual may suffer prosecution for violating a generally applicable statute does not, by itself, constitute a valid basis for granting asylum. *See Qun Yang v. McElroy,* 277 F.3d 158, 163 n. 5 (2d Cir.2002) (per curiam); *see also Saleh v. U.S. Dep't of Justice,* 962 F.2d 234, 239 (2d Cir.1992). While Jiang argues that the authorities would impute her father's political opinion to her, and persecute her on that basis, she provides no support for that argument. *See Yueqing Zhang,* 426 F.3d

---

1. As Jiang's asylum application was filed with the IJ after May 11, 2005, the provisions of the REAL ID Act apply. *See Matter of S–B–,* 24 I. & N. Dec. 42, 45 (B.I.A.2006).

at 545 (asylum applicants are required to show the persecutor's motive through direct or circumstantial evidence). Accordingly, the agency did not err in denying her asylum application on this basis.

As Jiang was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.