**JIAN CHEN, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No.  07–5526–ag.

United States Court of Appeals, Second Circuit.

Nov. 7, 2008.

John Chang, New York, New York, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Terri J. Scadron, Assistant Director, Shaloe Green, Law Clerk, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Jian Chen, a native and citizen of the People's Republic of China, seeks review of the November 28, 2007, order of the BIA affirming the November 3, 2005, decision of Immigration Judge ("IJ") Sandy K. Hom denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Chen,* No. A98 717 951 (B.I.A. Nov. 28, 2007), *aff'g* No. A98 717 951 (Immig. Ct. N.Y. City Nov. 3, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion affirming the IJ's decision in part and modifying it in part, we review the IJ's decision as modified by the BIA, confining our review to the rationale of the IJ on which the BIA relied. *See Dong Gao v. BIA,* 482 F.3d 122, 125 (2d Cir.2007). Because the BIA assumed Chen's credibility as to his past experiences, we do the same. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271–72 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Dong Gao,* 482 F.3d at 126; *see also Gjolaj v. BCIS,* 468 F.3d 140, 143 (2d Cir.2006)

(reviewing the question of nexus for substantial evidence). As Chen's asylum application was filed with the IJ after May 11, 2005, the provisions of the REAL ID Act apply. *See Matter of S–B–,* 24 I. & N. Dec. 42, 45 (B.I.A.2006).

Because Chen failed to sufficiently challenge the agency's denial of his CAT claim in his brief to this Court, we consider that claim to be waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir. 2005).

As amended by the REAL ID Act, Title 8, Section 1158(b)(1)(B)(i) of the U.S.Code provides that an asylum "applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." We find no error in the agency's conclusion that Chen's asylum claim lacked a sufficient nexus to a protected ground. While Chen's arguments offer the possibility that a reasonable adjudicator could have found that Chinese authorities were or will be partially motivated to persecute him and other striking workers on account of a perceived anti-government opinion, they articulate no basis on which we are "compelled" to find—contrary to the agency—that such an opinion was or will be a "central" motive.[1] *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1252(b)(4)(B). Indeed, Chen fails to address—or even acknowledge—the applicable "central reason" standard under the REAL ID Act. China's general intolerance for political dissent does not compel the conclusion that, in his individual circumstances, his employer (a joint private/public venture) fired him and sought to have him arrested on account of his political opinion. Moreover,

---

1. Chen does not attempt to refute the BIA's findings distinguishing our decision in *Osorio v. INS,* 18 F.3d 1017, 1028–31 (2d Cir.1994) (finding that Guatemala's persecution of a union leader was on account of a protected ground). Indeed, his brief does not mention that case.

**76**

the simple fact that some of his coworkers were detained does not compel the conclusion that he will face persecution on account of a protected ground. In light of the foregoing, the agency's denial of his asylum claim was not improper. *See* 8 U.S.C. § 1158(b)(1)(B)(i); *see also Gjolaj,* 468 F.3d at 142–43. Because the agency's nexus finding was dispositive of Chen's claim, it is unnecessary to address any of his other arguments.

As Chen was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.