Nush GJOLAJ, Petitioner,

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

**Docket No. 03–4523–AG.**

United States Court of Appeals, Second Circuit.

Argued: Sept. 19, 2006.

Decided: Nov. 9, 2006.

Vlad Kuzmin, New York, NY, for Petitioner.

Ralph Andrew Price, Jr., Assistant United States Attorney, for Chuck Rosenberg, United States Attorney for the Eastern District of Virginia, for Respondent.

Before CALABRESI, POOLER, and B.D. PARKER, Circuit Judges.

B.D. PARKER, JR., Circuit Judge.

Nush Gjolaj, a native and citizen of Albania, petitions for review of a February 21, 2003 order of the Board of Immigration Appeals ("BIA") summarily affirming the September 24, 1999 decision of Immigration Judge ("IJ") Victoria L. Ghartey denying Gjolaj's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Nush Gjolaj*, No. A 75 956 792 (B.I.A. Feb. 21, 2003), *aff'g* No. A 75 956 792 (Immig. Ct. N.Y. City Sept. 24, 1999).

## BACKGROUND

Gjolaj entered the United States unlawfully in November 1997, and was served with a Notice to Appear before an Immigration Judge in April 1998. He conceded removability, but sought asylum, withholding of removal, and CAT relief based on a fear that, if returned to Albania, he would be imprisoned or killed due to his political beliefs and activities opposing communism and supporting democratic movements.

At his hearing before the IJ, Gjolaj testified that he had been arrested and beaten by Albanian police for participating in political demonstrations on three occasions, between 1990 and 1994. The first incident involved a demonstration in which Gjolaj and others tried to topple a statue of Stalin in the Shkodra town square. Gjolaj was arrested, detained for approximately twelve hours, and beaten by police officers who admonished that the demonstrators would "never overturn communism." The second incident involved an organized protest against the Socialist Party's election victory in 1991. According to Gjolaj, the protestors clashed with police, and he was arrested along with around 70 others. Gjolaj testified that,

while in custody, the police beat him and others and threatened to "get rid" of him. The third time Gjolaj was arrested he was participating in a hunger strike organized by the Association of the Formerly Politically Persecuted. He testified that the police broke up the demonstration, arrested him and others, and beat and mistreated them.

Gjolaj also testified that, in 1997, Albanian secret police performed a warrantless search of his home, accused him of organizing rebel forces to fight in southern Albania, threatened him, and demanded money the next time they saw him. He further testified that, approximately one month after his house was searched, he was accosted on the street by two individuals he recognized as police officers. The officers allegedly beat him, threatened him, and demanded that he pay them a bribe.

The IJ determined that Gjolaj's three arrests between 1990 and 1994, during which he was detained and beaten by the police, did not rise to the level of past persecution. Although each arrest involved Gjolaj's participation with others in a political demonstration, the IJ found that Gjolaj had failed to demonstrate a connection between the arrests and his political opinions. Notwithstanding Gjolaj's testimony that during his detentions he was punched, kicked, threatened, and struck on the head with a chair leg, the IJ further concluded that Gjolaj had not provided adequately detailed testimony or corroborating evidence of his injuries.

The IJ found that Gjolaj's testimony regarding the two later confrontations with the Albanian secret police lacked credibility. The IJ did not cite Gjolaj's testimony concerning the three previous instances of detention and mistreatment by the police as a basis for her adverse credibility determination. Based in part on her finding of adverse credibility and in part on her determination that Gjolaj failed to establish past persecution, the IJ denied his application. The BIA affirmed, without opinion.

## DISCUSSION

Where, as here, the BIA summarily affirms the IJ's decision, we review the IJ's decision directly. *See Edimo–Doualla v. Gonzales*, 464 F.3d 276, 281 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard, reversing only if a reasonable adjudicator would be compelled to reach a contrary conclusion. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). We review legal questions, and the application of law to fact, de novo. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). When the BIA or IJ has failed to apply the law correctly, "we retain substantial authority to vacate BIA or IJ decisions and remand for reconsideration or rehearing." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 337 (2d Cir.2006).

■ We recently clarified the standard for establishing a claim of past persecution in *Beskovic v. Gonzales*, 467 F.3d 223, 2006 WL 3013090 (2d Cir. Oct.24, 2006). There we emphasized "that a 'minor beating' or, for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." *Id.* at *3 (citing *Tian–Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir.2004)); *see also Ivanishvili*, 433 F.3d at 341. In this case, the IJ appears to have applied a more restrictive standard than the one we identified in *Beskovic* and

*Chen.*[1]

■ The IJ's analysis of Gjolaj's past persecution claim suffers from several other errors, as well. First, the IJ found that none of the three arrests, considered in isolation, constituted past persecution. We have held that "[i]ncidents alleged to constitute persecution ... must be considered cumulatively," and that "[a] series of incidents of mistreatment may together rise to the level of persecution even if each incident taken alone does not." *Edimo–Doualla*, 464 F.3d at 283; *see also Poradisova v. Gonzales*, 420 F.3d 70, 79–80 (2d Cir. 2005). The IJ, therefore, should have considered Gjolaj's three arrests cumulatively in reaching her determination as to past persecution.

Second, the IJ faulted Gjolaj for not providing sufficiently detailed testimony, documents, or other evidence to establish the nature of his injuries, but failed to identify any specific piece of "missing, relevant documentation" or to "show that the documentation at issue was reasonably available" to Gjolaj. *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 153 (2d Cir.2003). Given Gjolaj's testimony that he was physically abused by the police while in custody and suffered bruises and other injuries as a result, it is unclear what additional detail or corroborating evidence the IJ thought necessary. *See id.* at 151. To the extent that the IJ did not believe that Gjolaj's

injuries were severe enough to establish a claim of past persecution, we clarified in *Beskovic* that severity "must be assessed with regard to the *context* in which the mistreatment occurs," and that conduct "that, in other contexts, could fairly be characterized as 'the mere annoyance and distress' of harassment, can take on an entirely different character when officially inflicted on an individual while detained on account of protected grounds." *Beskovic*, 2006 WL 3013090, at *3 (citation omitted).

■ Finally, the IJ found that Gjolaj did not "present ... sufficient evidence to establish a connection with [*sic*] his arrests and any political opinion that he held at the time or his membership in any particular social group." However, in all three instances discussed Gjolaj was arrested in the context of political demonstrations protesting Communism, and the IJ acknowledged Gjolaj's participation in those demonstrations.[2] We therefore conclude that the IJ's finding of a lack of connection between Gjolaj's political activities and his mistreatment by the Albanian police was not supported by substantial evidence. *See Edimo–Doualla*, 464 F.3d at 282–83. The government's argument on appeal, that Gjolaj was arrested pursuant to criminal laws of general applicability, is misplaced given the context of those arrests and Gjolaj's mistreatment by the authorities. *See Beskovic*, 2006 WL 3013090, at *3.

---

1. Since the IJ did not apply her adverse credibility finding to Gjolaj's testimony concerning the three arrests between 1990 and 1994, that finding does not provide an independent ground for us to affirm the BIA's decision.

2. Insofar as Gjolaj's claim of past persecution is based on Democratic Party affiliation or activities, the BIA may wish to consider on remand the effect of changed country conditions in Albania. We recently noted that "there has been a fundamental change in the political structure and government of Albania, beginning in 1990," and held that an immi-

gration judge "need not enter specific findings premised on record evidence when making a finding of changed country conditions" in asylum cases based on persecution due to Democratic Party affiliation in Albania. *Hoxhallari v. Gonzales*, 2006 WL 3073337, 2006 U.S.App. LEXIS 27038, at *18–*19; *see also Latifi v. Gonzales*, 430 F.3d 103, 106 n. 1 (2d Cir.2005) (per curiam) (taking "judicial notice of the fact that the Democratic Party returned to power in Albania through general elections in July [2005]").

These legal and factual errors concerned pivotal aspects of the IJ's determination that Gjolaj failed to establish past persecution. That determination was, in turn, central to the disposition of Gjolaj's claims for asylum and withholding of removal. Since we cannot predict with confidence that, applying the correct legal standards, the agency would again deny relief to Gjolaj, remand is appropriate. *See Rafiq v. Gonzales,* 458 F.3d 36, 38 (2d Cir.2006).

## CONCLUSION

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this opinion. Any pending motion for a stay of removal in this petition is DENIED as moot.