Martin ARAPOVIC, Dijana Arapovic, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 06–2880–ag.

United States Court of Appeals, Second Circuit.

April 6, 2007.

James D. Christo, New York, NY, for Petitioners.

David E. Nahmias, United States Attorney for the Northern District of Georgia, Aileen Bell Hughes, Assistant United States Attorney, Atlanta, GA, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROGER J. MINER, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioners Martin and Dijana Arapovic, natives and citizens of the former state of Serbia and Montenegro, seek review of the May 22, 2006 order of the BIA affirming the January 18, 2005 decision of Immigration Judge ("IJ") Roxanne C. Hladylowycz denying petitioners' application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Martin Arapovic & Dijana Arapovic*, Nos. A97 964 807/808 (B.I.A. May 22, 2006), *aff'g* Nos. A97 964 807/808 (Immig. Ct. N.Y. City Jan. 18, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). We review *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307

(2d Cir.2003); *see also Mirzoyan v. Gonzales,* 457 F.3d 217, 220 (2d Cir.2006) (reviewing de novo the question of whether undisputed facts meet the legal definition of persecution). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Gjolaj v. BCIS,* 468 F.3d 140, 143 (2d Cir.2006) (reviewing the question of whether the alleged persecution bears a nexus to a protected ground under the substantial evidence standard). However, we will vacate and remand for new findings if the agency's reasoning or fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

■ The agency's finding that Arapovic had not established a nexus between the harm he described and a protected ground was supported by substantial evidence. *Cf. Gjolaj,* 468 F.3d at 143. Because of the numerous assumptions Arapovic made when testifying to his alleged persecutors' motivations, the record would not compel any reasonable adjudicator to find that he had been mistreated on account of a protected ground. *See* 8 U.S.C. § 1252(b)(4)(B).

Because Arapovic failed to establish past persecution, he was not entitled to the presumption of a well-founded fear. *See* 8 C.F.R. § 1208.13(b)(1). Based on the record evidence, the agency properly found that Arapovic's fear of future persecution was impermissibly speculative and therefore not well-founded. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005). Arapovic's argument that the agency failed to examine sufficiently country conditions information in the record is unpersuasive. First, the agency is entitled to a presumption that it has considered all of the evidence unless there are compelling indications to the contrary. *See Xiao Ji Chen v. U.S. Dept. of Justice,* 471 F.3d 315, 338 n. 17 (2d Cir.2006). Second, while Arapovic's brief refers to various reports in the record that discuss widespread discrimination against Albanians in Montenegro, as well as police abuses and discrimination based on political opinion, there is no evidence that Albanians or people affiliated with the Liberal Union of Montenegro suffered *persecution* in Serbia and Montenegro. *See, e.g., Bastanipour v. INS,* 980 F.2d 1129, 1133 (7th Cir.1992) (distinguishing persecution "from mere discrimination or harassment"); *see also Hoxhallari v. Gonzales,* 468 F.3d 179, 184 (2d Cir.2006).

■ As Arapovic failed to meet his burden of proof for asylum, and as his withholding claim was premised on the same facts, the agency did not err in concluding that he failed to meet the higher burden of proof required for withholding. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Furthermore, because he provided no evidence that he would be tortured if returned to Serbia and Montenegro, the agency reasonably found that Arapovic did not meet his burden of proof for CAT relief. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 144 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED.