**JIAN JIN ZHU, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–3587–ag.

United States Court of Appeals,
Second Circuit.

April 30, 2007.

**112**

Jian Jin Zhu, pro se, for Petitioner.

Margaret M. Chiara, United States Attorney; John F. Salan, Assistant United States Attorney, Grand Rapids, MI, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Jian Jin Zhu, a citizen of the People's Republic of China, seeks review of a July 6, 2006 order of the Board of Immigration Appeals ("BIA"), affirming the March 23, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson, denying her applications for asylum, withholding of removal and relief under the Convention Against Torture. *In re Jian Jin Zhu,* No. A95 676 582 (B.I.A. July 6, 2006) *aff'g* No. A95 676 582 (Immig. Ct. N.Y. City March 23, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, Zhu's motion for *in forma pauperis ("IFP")* status is granted. 28 U.S.C. § 1915(a).

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *See Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's

factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, a determination "based on flawed reasoning ... will not satisfy the substantial evidence standard," and the agency's use of "an inappropriately stringent standard when evaluating an applicant's testimony constitutes *legal,* not factual error." *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 400 (2d Cir.2005) (internal quotation marks omitted). The Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Id.* at 406.

■ The agency's finding that Zhu did not meet her burden of proof is not supported by substantial evidence. We find that the agency was unreasonable in determining that because Zhu was not "seriously harmed" by the beatings she experienced while in detention, the harm she suffered did not rise to the level of persecution. *See Beskovic v. Gonzales,* 467 F.3d 223, 226 (2d Cir.2006) (observing that "a 'minor beating' or, for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground"). Zhu was arrested and detained because she was caught practicing Falun Gong. She was kicked and punched in the face while in detention in an attempt to get her to release the names of other practitioners. At the time Zhu was released from custody after paying bail money, she was released only on the condition that she would tell the authorities the identities of those whom she practiced Falun Gong with. *See id.* (when an arrest is on account of a protected ground, it is an "obvious reality" that accompanying detention and physical abuse are "correlative, not coincidental");

*Gjolaj v. BCIS,* 468 F.3d 140, 142 (2d Cir.2006). Because the agency applied an inappropriately stringent standard in finding that Zhu's physical mistreatment and detention did not rise to the level of persecution, remand is required. *See Secaida–Rosales,* 331 F.3d at 305.

█ In addition, we find that the agency was unreasonable determining that Zhu did not establish a well-founded fear future persecution. The agency found that the Chinese officials that had detained Zhu "apparently [had] not issue[d] a warrant for her arrest as she was able to leave the country with a passport in her own name." Although not explicit, the agency seems to imply that Zhu had no reasonable fear of returning to China because she was able to easily leave the country. However, that assumption is not reasonable; Zhu claims that it was local Fujian Province officials that had detained, beaten, and were looking for her. *See Jin Chen v. U.S. Dep't of Justice,* 426 F.3d 104, 115 (2d Cir.2005) ("The IJ's assumption that airport officials in Shanghai would immediately recognize on visual inspection every minor wanted criminal in country with a population of over 1.2 billion does seem to defy logic"). Furthermore, the agency failed to consider the possibility of Zhu being persecuted if she returned because she continues to practice Falun Gong. Zhu testified that she continues to practice Falun Gong in the United States, and there is no indication in the record that she would not continue to practice if forced to return to China. It is undisputed "that those who are considered practitioners of Falun Gong are subject to persecution in China." *Gao v. Gonzales,* 424 F.3d 122, 130 (2d Cir. 2005). Therefore, the agency's well-founded fear finding was not supported by substantial evidence.

For the foregoing reasons the petition for review is GRANTED, the order of the BIA is VACATED, and the case is RE-MANDED for further proceedings. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.