JUAN CHEN, Petitioner,

v.

Alberto R. GONZALES, Respondent.

No. 07–0623–ag.

United States Court of Appeals, Second Circuit.

Aug. 30, 2007.

Michael Brown, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, William C. Peachey, Alison Marie Igoe, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, District of Columbia, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Juan Chen, a native and citizen of China, seeks review of the January 26, 2007 order of the BIA affirming the June 8, 2005 decision of Immigration Judge ("IJ") Terry A. Bain denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Juan Chen*, No. A96 395 099 (B.I.A. Jan. 26, 2007), *aff'g* No. A96 395 099 (Immig. Ct. N.Y. City, June 8, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not adopt the decision of the IJ to any extent and explicitly decides the case on the assumption that the applicant's testimony was credible, we review only the decision of the BIA, and likewise assume, but do not determine, the applicant's credibility. *Yan Chen v. Gonzales*, 417 F.3d 268, 271–72 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). *See also Gjolaj v. BCIS*, 468 F.3d 140, 143 (2d Cir.2006) (reviewing the question of nexus for substantial evidence). However, we will vacate and remand for new findings if the agency's reasoning or its factfinding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

We do not examine the IJ's credibility determination because it is unclear to us whether the BIA intended to uphold that finding. We require of the agency an explicit determination as to credibility. *Diallo v. INS*, 232 F.3d 279, 290 (2d Cir. 2000). Under this standard, the BIA must make clear whether it adopts or rejects the IJ's explicit credibility finding. Where the BIA's decision is ambiguous in this respect, we proceed as if the petitioner's testimony were credible. *See Yan Chen*, 417 F.3d at 271. Here, however, even assuming that Chen testified credibly, the agency properly found that she failed to demonstrate that her alleged past mistreatment and her fear of future punishment bore any nexus to a protected ground. According to Chen's own testimo-

ny, the police only expressed an interest in her as possibly having been involved in a murder. Absent further evidence, there is no indication that police used the murder as a pretext to punish Chen for her political opinion, her gender, or otherwise with respect to a protected class. *See In re S–P–*, 21 I. & N. Dec. 486, 492 (BIA 1996).

The petitioner also submitted no evidence that any future attempts by Chinese police to arrest and punish her would be motivated, even partially, by a perception of her political opinion or by her gender, or otherwise with respect to a protected class. Chen testified before the IJ that she "was arrested for the crime of murder," and stated in her written statement that her boss told the police that he had seen "her struggling with the [secretary] and pushed her ... downstairs." It thus appears that in Chen's case, the motive for abuse (if any) would be directed toward "punishment for criminal acts." *In re S–P–*, 21 I. & N. Dec. at 493–94. Punishment for violation of a generally applicable criminal law is not persecution. *See Saleh v. U.S. Dep't of Justice*, 962 F.2d 234, 239 (2d Cir.1992). Substantial evidence thus supports the IJ's finding that Chen failed to demonstrate that she would face punishment in China on account of a protected ground.

Regarding withholding of removal and CAT relief, because Chen failed to meaningfully argue these claims before this Court, they are deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.