**YU GUAN ZHANG, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

**No. 07–5725–ag.**

United States Court of Appeals, Second Circuit.

July 16, 2008.

Michael Brown, New York, NY, for Petitioner.

Jeffery S. Bucholtz, Acting Assistant Attorney General; Russell J.E. Verby, Senior Litigation Counsel; John D. Williams, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. B.D. PARKER, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Yu Guan Zhang, a native and citizen of China, seeks review of a November 30, 2007 order of the BIA affirming the March 23, 2006 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan, which denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhang, Yu Guan,* No. A98 836 (B.I.A. Nov. 30, 2007), *aff'g* No. A98 714 836 (Immig. Ct. N.Y. City Mar. 23, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005);

*Tian–Yong Chen v. U.S. INS*, 359 F.3d 121, 129 (2d Cir.2004). We review de novo questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003).

■ As an initial matter, we need not address the agency's denial of Zhang's CAT and illegal departure claims because he did not raise those claims in his brief to this Court. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005). We find that the agency did not err in determining that Zhang did not establish eligibility for asylum. The agency properly determined that the beating Zhang suffered in detention did not amount to persecution. While we have emphasized that "[t]he BIA must ... be keenly sensitive to the fact that a 'minor beating' ... may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground," there is no indication that the BIA failed to consider Zhang's beating in the context of his arrest for possession of Falun Gong books. *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir.2006). Indeed, the BIA explicitly acknowledged Zhang's testimony that he was detained for eight hours and beaten by officers who wanted information about Zhang's friend, a Falun Gong practitioner. Under these circumstances, the record does not suggest that the BIA applied an overly restrictive standard or failed to fully consider Zhang's testimony. *Compare Gjolaj v. BCIS*, 468 F.3d 140, 142–43 (2d Cir.2006); *see also Xiao Ji Chen*, 471 F.3d at 336–37, n. 17.

■ The agency also properly determined that Zhang failed to establish a well-founded fear of persecution based on his experiences in China and his imputed support for Falun Gong. *See Ramsamea-*

*chire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). In support of that finding, the agency found that Zhang's claim was undercut by the fact that his friend, a Falun Gong practitioner wanted by local authorities and whose visit to Zhang prompted his arrest and detention, remained unharmed. Because Zhang does not challenge that finding, we leave it undisturbed. *See Yueqing Zhang*, 426 F.3d at 545 n. 7 (2d Cir.2005); *cf. Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir.1999) (finding that where asylum applicant's mother and daughters continued to live in petitioner's native country, claim of well-founded fear was diminished).

With regard to Zhang's fear based on his current practice of Falun Gong, we find no error in the agency's finding that he failed to meet his burden of proof. The agency did not err in finding the photographs of Zhang allegedly practicing Falun Gong were insufficient to establish his claim where the weight afforded to such documentary evidence " 'lies largely' within in the discretion of the IJ." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir.2006) (alteration omitted). Moreover, the agency properly relied on Zhang's failure to produce a statement or testimony from his sister, who took the photographs he submitted, or the friend pictured with him in the photographs, either of whom could have corroborated his claim that he practices Falun Gong in the U.S. *See Cao He Lin*, 428 F.3d at 401 (2d Cir.2005) (emphasizing that "where the circumstances indicate that an applicant has, or with reasonable effort could gain, access to relevant corroborating evidence, his failure to produce such evidence in support of his claim is a factor that may be weighed in considering whether he has satisfied the burden of proof") (internal quotation marks omitted).[1]

---

1. Although we have emphasized the agency's

duty to "show that the documentation at issue

Having concluded that the denial of Zhang's asylum claim was proper, we must find that the agency likewise did not err in finding that Zhang did not satisfy the higher burden of proof for his withholding of removal claim, which shared the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Any pending request for oral argument in this petition is DENIED.

was reasonably available to the petitioner," *Niang v. Mukasey,* 511 F.3d 138, 148 (2d Cir.2007), Zhang failed to raise any challenge based on the agency's failure to explicitly do so here; accordingly, we find no error. *See Yueqing Zhang,* 426 F.3d at 545 n. 7 (2d Cir.2005).