SUMMARY ORDER

Camilo Elias Mejia Gomez, a native and citizen of El Salvador, seeks review of a February 7, 2008 order of the BIA affirming the October 6, 2005 decision of Immigration Judge (“IJ”) Michael W. Straus, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In *499 re Camilo Elias Mejia Gomez, No. A98 903 210 (B.I.A. Feb. 7, 2008), ajfg No. A98 903 210 (Immig. Ct. Hartford Oct. 6, 2005). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard, treating them as “conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B); see, e.g., Dong Gao v. BIA, 482 F.3d 122, 126 (2d Cir.2007); Gjolaj v. BCIS, 468 F.3d 140, 143 (2d Cir.2006). We will, however, vacate and remand for new findings if the agency’s reasoning or its fact-finding process was sufficiently flawed. See Cao He Lin v. U.S. Dep’t of Justice, 428 F.3d 391, 406 (2d Cir.2005); Tian-Yong Chen v. INS, 359 F.3d 121, 129 (2d Cir.2004). We review de novo questions of law and the application of law to undisputed fact. See Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
An asylum applicant qualifies for “refugee” status if he establishes, in relevant part, that he has a “well-founded fear of persecution on account of ... membership in a particular social group, or political opinion.” 8 U.S.C. § 1101(a)(42). In order to establish persecution “on account of’ a political opinion, 8 U.S.C. § 1101(a)(42), an asylum applicant must show, “through direct or circumstantial evidence, that the persecutor’s motive to persecute arises from the applicant’s political belief.” Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 (2d Cir.2005) (citing INS v. Elias-Zacarias, 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)); see also Matter of S-P-, 21 I. & N. Dec. 486, 494-95 (B.I.A.1996). The persecutor need not be motivated solely by a victim’s political beliefs; asylum may be granted where mixed motives are involved. Osorio v. INS, 18 F.3d 1017, 1028 (2d Cir.1994).[2]
Because Mejia, by his own admission, “does not challenge the IJ’s and the BIA’s holdings regarding his claim of membership in a social group,” Petitioner’s Br. at 3, the only issue before this court is whether the agency erred in concluding that he did not establish a well-founded fear of persecution on the basis of his political opinion. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir.2005) (arguments not raised on appeal are waived).
We discern no error in that conclusion. The IJ found that there was no evidence indicating that Mejia was attacked on the basis of an imputed political opinion — specifically, his pro-ARENA government support. In re Camilo Elias Mejia Gomez, No. A98 903 210, at 8 (Immig. Ct. Hartford Oct. 6, 2005). Nor did the IJ find any evidence that Mejia was threatened by gang members because of any such imputed political opinion. Id. at 10. To the contrary, the record indicated to the IJ that the MS-13 gang members who attacked Mejia did so because he “was a police officer.” Id. at 7; see also id. at 8. The IJ further explained that “[tjhere [was] no evidence that [Mejia] was politically involved or a member of any sort of party,” id. at 8, and that MS-13 guerrillas apparently “threatened all the members of *500 the police office regardless of their political affiliation,” id. Because these factual findings contain record support, we will not disturb them. See 8 U.S.C. § 1252(b)(4)(B) (agency factfindings “conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary”).
Mejia now argues that the IJ “apparently failed to consider probative circumstantial evidence that gang members imputed political opinions to Mr. Mejia’s actions after his stabbing.” Petitioner’s Br. at 16 (emphasis in original). We disagree. The IJ specifically found that there was “no evidence” indicating that Mejia would “be targeted because the gangs imputed any political opinion on him in the past.” In re Camilo Elias Mejia Gomez, No. A98 903 210, at 10 (Immig. Ct. Hartford Oct. 6, 2005). Reasonably construed, the IJ’s factual finding encompassed — and rejected— the inferences petitioner suggests had been overlooked. Moreover, even if the IJ had overlooked certain evidence, we are not required to remand simply because we may disagree “with an IJ’s evaluation of facts,” particularly where, as here, “the IJ’s decision is supported by substantial evidence.” Xiao Ji Chen v. United States Dep’t of Justice, 471 F.3d 315, 335 n. 15 (2d Cir.2006).
Because we deny the petition on the ground that the alleged persecution did not occur “on account of’ Mejia’s “political opinion,” 8 U.S.C. § 1101(a)(42), a denial that also necessarily forecloses his withholding-of-removal claim, see Tian-Yong Chen v. INS, 359 F.3d 121, 127 (2d Cir. 2004), we need not and do not reach Mejia’s argument concerning the El Salvador government’s ability or willingness to protect Mejia from future violence.
Finally, because Mejia raises no argument as to his entitlement to CAT relief, we deem any such argument waived. See Yueqing Zhang v. Gonzales, 426 F.3d at 545 n. 7.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

. The REAL ID Act now requires an asylum applicant to establish that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant.” 8 U.S.C. § 1158(b)(l)(B)(i). Because Mejia filed his petition for asylum prior to the REAL ID Act's enactment, that statutory language is not implicated here.