16-1855
Ramirez-Gonzalez v. Sessions

BIA
Verrillo, IJ
A206 629 325

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand seventeen.

PRESENT:
>        DENNIS JACOBS,
>        PIERRE N. LEVAL,
>        RAYMOND J. LOHIER, JR.,
>             *Circuit Judges.*

_____

SAN HUMBERTO RAMIREZ-GONZALEZ,
>        *Petitioner,*

>        v.                                            16-1855
                                                        NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:        Gregory Osakwe, Hartford, CT.

FOR RESPONDENT:        Chad A. Readler, Principal Deputy
                       Assistant Attorney General, Carl H.
                       McIntyre, Assistant Director,
                       Justin R. Markel, Senior Litigation
                       Counsel, Office of Immigration
                       Litigation, United States
                       Department of Justice, Washington,
                       DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner San Humberto Ramirez-Gonzalez, a native and citizen of Guatemala, seeks review of a May 18, 2016, decision of the BIA affirming a September 22, 2015, decision of an Immigration Judge ("IJ") denying Ramirez-Gonzalez's application for asylum and withholding of removal.[1] *In re San Humberto Ramirez-Gonzalez,* No. A206 629 325 (B.I.A. May 18, 2016), *aff'g* No. A206 629 325 (Immig. Ct. Hartford Sept. 22, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Gjolaj v. Bureau of Citizenship & Immigration Servs.*, 468 F.3d 140, 142 (2d Cir. 2006).

---

[1] Ramirez-Gonzalez does not challenge the denial of relief under the Convention Against Torture. *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

To establish eligibility for asylum and withholding of removal based on membership in a particular social group, the applicant must establish both that the group is legally cognizable, *see Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014), and that the applicant has suffered past persecution or has demonstrated a well-founded fear or likelihood of future persecution on account of her membership in that group, *see Rodas Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010), i.e., that the membership in the group is "at least one central reason for persecuting the applicant," 8 U.S.C. § 1158(b)(1)(B)(i). A particular social group is cognizable if it refers to "a discrete class of persons" and "the relevant society perceives, considers, or recognizes the group as a distinct social group." *Matter of W-G-R-*, 26 I. & N. Dec. 208, 210, 217 (BIA 2014); *see Paloka*, 762 F.3d at 195 (according deference to the BIA's construction of "particular social group").

The agency reasonably determined that Ramirez-Gonzalez was targeted by gang members for recruitment, and not because of his membership in any particular social group. Ramirez-Gonzalez testified that the gang members chased and beat him because they wanted him to join their organization. He presented no evidence that the gang members targeted him

3

because of his proposed particular social group, "young males with discernible ability to earn money. The agency's determination that Ramirez-Gonzalez failed to establish past persecution on account of a protected ground was supported by substantial evidence. *Paloka*, 762 F.3d at 196-97 (whether persecution occurs "on account of" a protected ground "depends on the views and motives of the persecutor" (internal quotation marks omitted)). *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73-74 (2d Cir. 2007) (rejecting proposed social group where "harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution").

Nor is the additional group that Ramirez-Gonzalez proposes—"young Guatemalan men who face gang violence"—legally cognizable. The U.S. State Department report he relies on indicates that gang violence is widespread in Guatemala. Any group premised on facing such violence lacks particularity. *See Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 239 (BIA 2014) (particular social group cannot be "amorphous, overbroad, diffuse, or subjective"). Individuals targeted for gang recruitment "make up a potentially large and diffuse segment of society." *Matter of S-E-G-*, 24 I. & N. Dec. 579, 585 (BIA

4

2008).  And a particular social group cannot be defined solely by the harm its members have suffered.  *Ucelo-Gomez*, 509 F.3d at 73 ("[A] social group cannot be defined exclusively by the fact that its members *have* been subjected to harm." (internal quotation marks omitted)).

Nor did the agency err in holding that Ramirez-Gonzalez did not establish a well-founded fear of future persecution on account of a protected ground.  Ramirez-Gonzalez has failed to establish any protected ground for which he might be persecuted in the future.  *See* 8 U.S.C. § 1158(b)(1)(B)(i).

Because Ramirez-Gonzalez has not met his burden of proof for his asylum claim, he has not met the higher standard required to succeed on his claim for withholding of removal.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk