Giron-Ardon v. Barr

BIA
Montante, IJ
A206 635 986/987

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand nineteen.

PRESENT:
  DENNIS JACOBS,
  DEBRA ANN LIVINGSTON,
  RICHARD J. SULLIVAN,
   *Circuit Judges.*
_____

ANDRIANA LISSETTE GIRON-ARDON, AKA ADRIANA LISSETTE GIRON-ARDON, IVANA MARIA DE JESUS GIRON-ARDON
 *Petitioners,*

  v.         17-1803
              NAC

WILLIAM P. BARR
UNITED STATES ATTORNEY GENERAL,
 *Respondent.*
_____

FOR PETITIONERS:  Stephen K. Tills, Orchard Park, NY.

FOR RESPONDENT:  Chad A. Readler, Acting Assistant Attorney General; Justin R. Markel, Senior Litigation Counsel; Brooke M. Maurer, Trial Attorney,

Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioners Andriana Lissette Giron-Ardon ("Giron-Ardon"), and her minor daughter, Ivana Maria De Jesus Giron-Ardon, natives and citizens of Guatemala, seek review of a May 9, 2017 decision of the BIA affirming an October 18, 2016, decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Andriana Lissette Giron-Ardon and Ivana Maria De Jesus Giron-Ardon*, Nos. A 206 635 986/987 (B.I.A. May 9, 2017), *aff'g* Nos. A 206 635 986/987 (Immig. Ct. Buffalo Oct. 18, 2016). We assume the parties' familiarity with the underlying facts, procedural history, and issues raised on appeal.

Giron-Ardon challenges the agency's denial of asylum as time barred and its denial of withholding of removal for failure to establish a nexus to a protected ground. Under the circumstances of this case, we have considered the IJ's

2

decision as supplemented and modified by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). We review the agency's findings of fact under the substantial evidence standard. *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). Under this standard, "[w]e treat factual findings as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)).

Timeliness of Asylum Application

We dismiss the petition as to asylum. Giron-Ardon did not exhaust her challenge to the timeliness finding on appeal to the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 123 (2d Cir. 2008) (holding that issue exhaustion is mandatory). Moreover, our jurisdiction to review the denial of an asylum claim as untimely is limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); *see* 8 U.S.C. § 1158(a)(3). Giron-Ardon has not identified any such claims, as she argues only that the agency ignored evidence that she filed her application in April 2015. There

3

is no legal error here, particularly as the agency considered the application to be filed earlier, on March 27, 2015.

Nexus to a Protected Ground

In order to demonstrate eligibility for withholding of removal, Giron-Ardon must establish that "race, religion, nationality, membership in a particular social group, or political opinion" was or will be at least one central reason for her persecution. 8 U.S.C. § 1231(b)(3)(A); *see also Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (B.I.A. 2010). There may be "more than one motive for mistreatment, as long as at least one central reason for the mistreatment is on account of a protected ground." *Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir. 2014) (internal quotation marks omitted). An applicant "must provide *some* evidence of [a persecutor's motives], direct or circumstantial." *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 291 (2d Cir. 2007). The agency's findings regarding the persecutor's motives and the nexus between the harms and a petitioner's protected status are reviewed for substantial evidence. *See Gjolaj v. Bureau of Citizenship & Immigration Servs.*, 468 F.3d 140, 143 (2d Cir. 2006).

4

Giron-Ardon sought asylum and withholding of removal based on her membership in the social groups of "cattle-farmers/ranchers" (as argued to the BIA) or family (as implied in her brief to this Court). Even assuming that these groups are cognizable social groups, the agency reasonably determined that Giron-Ardon failed to demonstrate that she suffered past persecution or a well-founded fear of future persecution on account of her membership in these groups since she failed to provide any direct or circumstantial evidence that she was or will be targeted for either reason. *See Elias-Zacarias*, 502 U.S. at 483; *see also Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group'. . . ."). Giron-Ardon testified that unknown persons whom she presumed were gang members murdered her brother, threatened her sisters over the phone, threatened one sister in person, shot at her and her daughter, robbed her at knifepoint, threatened her partner and his family, and killed some of her partner's family. But she did not testify that the same individuals

5

were responsible for all of the harm or that the perpetrators said anything to her and her family from which to infer that they were being targeted on account of their status as cattle-farmers and ranchers. While she testified that the people who threatened her sister said they would kill her brother and other family members, Giron-Ardon said that she did not know if those people were the same ones who threatened her. Giron-Ardon never received threats on the phone, and when she experienced direct harm (the robbery and the shooting), the assailants did not mention her familial ties when targeting her. Because Giron-Ardon failed to demonstrate a nexus between her harm or fear of harm and a protected ground, the agency did not err in denying withholding of removal. 8 U.S.C. § 1231(b)(3)(A). Ultimately, Giron-Ardon's fears stem from general crime conditions in Guatemala, and are not due to some protected status.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in remaining part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in

6

this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court