Lopez Duran v. Rosen
BIA
Conroy, IJ
A088 442 404

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of January, two thousand twenty-one.

PRESENT:
　　　JOSÉ A. CABRANES,
　　　ROBERT D. SACK,
　　　DENNY CHIN,
　　　　　*Circuit Judges.*

_____

AURELIO LOPEZ DURAN,
　　　*Petitioner,*

　　v.　　　　　　　　　　　　　　　18-3586
　　　　　　　　　　　　　　　　　NAC
JEFFREY A. ROSEN, ACTING UNITED
STATES ATTORNEY GENERAL,
　　　*Respondent.*

_____

FOR PETITIONER:　　　　Gisela Chavez-Garcia, Law Offices of Gisela Chavez-Garcia, New York, NY.

FOR RESPONDENT:　　　　Jeffrey Bossert Clark, Acting Assistant Attorney General;

Anthony P. Nicastro, Assistant Director; Tracey N. McDonald, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Aurelio Lopez Duran, a native and citizen of Mexico, seeks review of an October 31, 2018, decision of the BIA affirming an October 16, 2017, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Aurelio Lopez Duran,* No. A 088 442 404 (B.I.A. Oct. 31, 2018), *aff'g* No. A 088 442 404 (Immig. Ct. N.Y. City Oct. 16, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (reviewing factual findings for substantial

2

evidence and questions of law, including whether a proposed group is cognizable, de novo); *Gjolaj v. Bureau of Citizenship & Immigration Servs.*, 468 F.3d 140, 143 (2d Cir. 2006) (reviewing nexus determination for substantial evidence). Lopez Duran does not challenge the denial of asylum and we find no error in the agency's denial of withholding of removal and CAT relief.

An applicant for withholding of removal must establish past persecution or that he will more likely than not be persecuted in the future and that such persecution was, or will be, on account of "race, religion, nationality, membership in a particular social group, and political opinion." 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b)(1), (2). A cognizable particular social group is one that has "a common immutable characteristic," is "defined with particularity," and is "socially distinct within the society in question." *Paloka*, 762 F.3d at 196 (quoting *In re M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)).

Lopez Duran argues that he will be targeted by criminals in Mexico on account of his membership in a group of people returning from the United States who are perceived as wealthy and as a member of a group of witnesses to crime. The agency

3

did not err in denying relief on either basis. The agency correctly determined that Lopez Duran's proposed group of individuals returning from the United States and perceived as wealthy was not a cognizable particular social group because wealth is too subjective. *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the [Immigration and Nationality Act]."). Although Lopez Duran argues that the agency relied on *Ucelo-Gomez* without conducting an independent analysis of how such individuals are perceived in Mexico, Lopez Duran does not identify any evidence to support his claim that individuals returning to Mexico are perceived as a group within Mexican society. *See Paloka*, 762 F.3d at 196 ("[I]n determining particularity and social distinction what matters is whether society as a whole views a group as socially distinct"). He does not cite any country conditions evidence in his brief and the country conditions evidence in the record touches on a wide variety of topics, ranging from crime to natural disasters, but does not address this proposed

4

group.  *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999) (holding that "general crime conditions" are not a protected ground).

Lopez Duran also fails to establish his membership in his other proposed social group of witnesses to crime.  His reliance on *Gashi v. Holder*, 702 F.3d 130 (2d Cir. 2012), to argue that that witnesses are a cognizable social group, is misplaced.  Gashi's name was published on a list of potential witnesses against an accused war criminal, other villagers knew he had spoken to authorities, and other potential witnesses had been harassed.  *Gashi*, 702 F.3d at 132.  There is no similar evidence here: Lopez Duran did not report the 1997 robbery to the police or testify in any proceeding and there is no evidence that anyone in Mexico is aware that he could be a witness to that or any other crime.

Finally, the agency reasonably concluded that Lopez Duran did not meet his burden of proof for CAT relief.  An applicant is required to show that he would "more likely than not" be tortured by or with the acquiescence of government officials.  *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *Khouzam v. Ashcroft*, 361 F.3d 161, 170–71 (2d Cir. 2004).  "A *private* actor's behavior can constitute torture under the CAT without

5

a government's specific intent to inflict it if a government official is aware of the persecutor's conduct and intent and acquiesces in violation of the official's duty to intervene." *Pierre v. Gonzales*, 502 F.3d 109, 118 (2d Cir. 2007).

The agency reasonably found that Lopez Duran did not establish the he would more likely than not be tortured in Mexico. The IJ acknowledged Lopez Duran's evidence of the high crime level in Mexico but reasonably concluded that such general evidence did not show a likelihood of torture because he was not more likely than anyone else to become a crime victim. *See Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) (upholding denial of CAT claim where there was evidence of torture in China, but not that "someone in [petitioner's] particular alleged circumstances [wa]s *more likely than not* to be tortured." (emphasis in original).).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court