Leiva-Argueta v. Garland

BIA
Nelson, IJ
A205 955 828/829

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand twenty-two.

PRESENT:
> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

HENSSER OSEAS LEIVA-ARGUETA,
EDWIN ADRIAN ARGUETA
> *Petitioners,*

v.

19-3423
NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:            Daniel Spensieri, Esq., White
                            Plains, NY.

FOR RESPONDENT:             Ethan P. Davis, Acting Assistant
                            Attorney General;  Anthony P.

Nicastro, Assistant Director; Joanna L. Watson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED in part and DENIED in part.

Petitioners, Hensser Oseas Leiva Argueta and his brother Edwin Adrian Argueta, natives and citizens of Guatemala, seek review of a September 25, 2019, decision of the BIA affirming a February 28, 2018, decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Hensser Oseas Leiva-Argueta, Edwin Adrian Argueta,* Nos. A205 955 828/829 (B.I.A. Sept. 25, 2019), *aff'g* Nos. A205 955 828/829 (Immig. Ct. N.Y. City Feb. 28, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*,

2

762 F.3d 191, 195 (2d Cir. 2014) (reviewing factual findings for substantial evidence and questions of law, including whether a proposed group is cognizable, de novo); *Gjolaj v. Bureau of Citizenship & Immigration Servs.*, 468 F.3d 140, 143 (2d Cir. 2006) (reviewing nexus determination for substantial evidence).

We deny the petition as to asylum and withholding of removal. To qualify for asylum and withholding of removal, Petitioners had the burden to establish that their feared persecutors would target them on account of "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1158(b)(1)(B)(i), (ii) 1231(b)(3)(A), (C). We find no error in the agency's conclusion that Petitioners did not identify a cognizable social group or show that the individuals they feared were targeting them for political reasons.

A particular social group is one "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Paloka*, 762 F.3d at 196 (internal quotation marks omitted). Petitioners alleged they were targeted

because of their membership in the particular social group of young male witnesses to murders in small Guatemalan towns because they witnessed the murders of drug traffickers whose family sought retribution from the witnesses. The agency reasonably concluded that the group was not socially distinct within Guatemalan society because Petitioners presented no evidence that the society in general was aware of their status as witnesses or that Guatemalan society perceived witnesses to murders or other crimes as a distinct group. *Id.* (explaining that "what matters is whether society as a whole views a group as socially distinct, not the persecutor's perception"). Further, "[w]hen the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a particular social group." *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) (internal quotation marks omitted).

As to imputed political opinion, Petitioners asserted that the drug traffickers' family threatened them because they held an anti-crime political opinion. They presented no evidence that the family imputed such an opinion to them

4

or that there was any political dimension or context to the events. Instead, they testified that the reason for the threats was to keep them silent about the crimes they witnessed. As the agency concluded, random violence and general crime are not grounds for asylum and withholding of removal. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313-14 (2d Cir. 1999).

We remand to the agency for further consideration of the CAT claim. To obtain CAT relief, Petitioners had to show that they would "more likely than not" be tortured by the drug traffickers' family and that the Guatemalan government would acquiesce or turn a blind eye to that torture. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). The record reflects that Petitioners received death threats and reported the Rodriguez family to the police, the police agreed to investigate, but did not contact them again, and other witnesses to the same murders were killed. Petitioners presented a State Department Report outlining widespread corruption in the police and testified that the authorities would not protect them because the Rodriguez family financed the campaign of the village mayor.

5

We find the agency's analysis of the CAT claim insufficient for judicial review. In denying CAT relief, the agency repeated the legal standard, concluding that Petitioners had not shown that they would likely be tortured by or with the acquiescence of the government, but did not make any factual findings to support that determination or identify where the claim was deficient. "[A] failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision," *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008), but we require "some indication that the IJ considered material evidence supporting a petitioner's claim" and "a certain minimum level of analysis from the IJ and BIA," *Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005).

For the foregoing reasons, the petition for review is GRANTED in part and remanded to the agency for further proceedings on Petitioners' CAT claim and DENIED in remaining part as to asylum and withholding of removal.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6