### Gentian ZELKO, Petitioner,

### v.

### Eric H. HOLDER, Jr.,* United States Attorney General, Respondent.

### No. 08–1245–ag.

United States Court of Appeals, Second Circuit.

June 8, 2009.

Andrew P. Johnson, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Barry J. Pettinato, Assistant Director, Terri León–Benner, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Circuit Judges.

## *SUMMARY ORDER*

Petitioner Gentian Zelko, a native and citizen of Albania, seeks review of the February 15, 2008 order of the BIA affirming the December 12, 2006 decision of Immigration Judge ("IJ") Noelle Ferris, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zelko,* No. A96 261 729 (B.I.A. Feb. 15, 2008), *aff'g* No. A96 261 729 (Immig. Ct. N.Y. City Dec. 12, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

As an initial matter, although Zelko is challenging the denial of relief in "asylum-only" proceedings, as opposed to an actual removal order, this Court nonetheless has jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS*, 448 F.3d 129, 134 (2d Cir.2006).

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir.2008). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007); *Gjolaj v. BCIS*, 468 F.3d 140, 143 (2d Cir.2006) (reviewing the question of nexus for substantial evidence).

We find no error in the IJ's conclusion that Zelko's asylum and withholding claims bore no nexus to a protected ground. *See* 8 U.S.C. § 1101(a)(42). We have held that "[a]s a general principle, an asylum applicant cannot claim past persecution based solely on harm that was inflicted on a family member on account of that family member's political opinion or other protected characteristic." *Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir.2007). Here, the IJ properly found that although Zelko asserted that he had established past persecution by demonstrating a connection between his father's political activities with the Albanian communist government and a shooting that took place at a garage where Zelko was employed, he failed to present sufficient evidence to meet his burden. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir.1999) (holding that petitioner did not have well-founded fear of persecution where she was unable to present direct evidence that her rape was connected to her uncle's political activities rather than a random act of violence); *see also Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir.2007) (noting that the "very essence" of an IJ's "function is to select from among conflicting inferences and conclusions that which it considers most reasonable" (internal quotation marks omitted)). Contrary to Zelko's argument, he fails to point to any evidence that he was shot at on account of his father's imputed political opinion, and we decline to disturb the agency's decision in this regard.

We also find no error in the IJ's conclusion that Zelko was not entitled to CAT relief because he failed to prove that he was more likely than not to be tortured if he returned to Albania. The IJ found that while Zelko asserted that the police were unable or unwilling to protect Zelko and his family, he presented insufficient evidence to support his claim for CAT relief. Indeed, a review of the record supports the agency's conclusion that after the shooting, the Albanian police responded adequately and diligently and, therefore, did not remain "willfully blind" after they were informed about the shooting. *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir.2004).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.