09-0441-ag
Lwin v. Holder

BIA
Lamb, IJ
A099 423 142

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of January, two thousand ten.

PRESENT:
        ROBERT D. SACK,
        BARRINGTON D. PARKER,
        REENA RAGGI,
                <u>Circuit Judges</u>.

_____

AUNG SOE LWIN,
        <u>Petitioner</u>,

        v.                                      09-0441-ag
                                                NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
        <u>Respondent</u>.

_____

FOR PETITIONER:        Sandy Khine, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General, Civil Division; Michelle
                       Gorden Latour, Assistant Director;
                       Tracie N. Jones, Trial Attorney,
                       Office of Immigration Litigation,
                       U.S. Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is GRANTED.

Petitioner Aung Soe Lwin, a native and citizen of Burma, seeks review of an January 8, 2009 order of the BIA affirming the June 28, 2006 decision of Immigration Judge Elizabeth A. Lamb, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In re Aung Soe Lwin, No. A099 423 142 (B.I.A. Jan. 8, 2009), aff'g No. A099 423 142 (Immig. Ct. N.Y. City June 28, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see, e.g., Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir. 2008). Questions of law and the application of law to undisputed fact are reviewed de novo. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir. 2008).

This Court has concluded that a "minor beating, or for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level

2

of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." Gjolaj v. BCIS, 468 F.3d 140, 142 (2d Cir. 2006) (internal quotation marks omitted). Lwin testified that he was arrested once in 1988 when, as a student, he distributed anti-government pamphlets. According to Lwin, he was interrogated and beaten throughout the night and released the following morning. Although the BIA recognized that Lwin was detained, "interrogated, slapped, kicked at, and hit with a rubber stick," it concluded that he "failed to establish past harm rising to the level of persecution." Given that the BIA assumed Lwin's physical mistreatment was on account of a protected ground and occurred in detention, the basis of its conclusion that it did not constitute past persecution is unclear.

The agency's erroneous analysis concerning Lwin's 1988 arrest and detention would likely be an insufficient basis for remand were it to have been the only error in its decision. Indeed, the arrest occurred over 20 years ago, and, following that incident, Lwin left and returned to Burma on multiple occasions. As we have noted, "administrative law cases from both the Supreme Court and our court strongly suggest that we should disregard errors"

3

in the asylum context when no change in the outcome would result on remand. Cao He Lin v. U.S. Dep't of Justice, 428 F.3d 391, 401 (2d Cir. 2005).

The agency's decision, however, reflects other errors. To be eligible for asylum, "[t]he applicant must establish that [a protected ground] was or will be at least one central reason for" the claimed persecution. 8 U.S.C. § 1158(b)(1)(B)(i). Although the agency found that Lwin was a victim of simple extortion, Lwin argues that his political opinion motivated the authorities to demand money from him. In addition to his arrest in 1988, he testified that, in 1993, while working abroad, he sent money to Burma to secure the release of his brother-in-law, a pro-democracy activist. In 1998, Lwin distributed pamphlets with his brother-in-law and made donations to pro-democracy students who had become refugees. In 2000, Lwin helped his brother-in-law flee Burma, and he testified that military intelligence officials mentioned Lwin's brother-in-law when demanding money and told Lwin that he was "guilty of anti-government activities." Neither the BIA nor the IJ appears to have considered this testimony. Instead the IJ stated that Lwin "has not taken part in any political activities in Burma." For its part, the BIA stated that Lwin has "had only a very

4

brief and peripheral involvement with the pro-democracy movement."

As the BIA has recognized, persecutors may have multiple motives for their acts, only some of which are related to a protected ground. See In re S-P-, 21 I. & N. Dec. 486, 489 (BIA 1996). In such cases, "an applicant does not bear the unreasonable burden of establishing the exact motivation of a 'persecutor' where different reasons for action are possible." Id. at 489-90 (BIA 1996) (quoting Matter of Fuentes, 19 I. & N. Dec. 658, 662 (BIA 1988)). This Court has similarly held that "[t]he plain meaning of the phrase 'persecution on account of the victim's political opinion,' does not mean persecution *solely* on account of the victim's political opinion." Osorio v. INS, 18 F.3d 1017, 1028 (2d Cir. 1994). The IJ may have been correct that the police singled out Lwin because they believed he had money. However, this does not preclude the possibility that they were also motivated by their perceptions of Lwin's political opinion. We express no opinion as to whether this was the case. Rather, because it is not apparent to us that the agency gave full consideration to the record, we remand. See Poradisova v. Gonzales, 420 F.3d 70, 79-80 (2d Cir.

5

2005).

However, Lwin has waived any challenge he might have raised to the agency's denial of his CAT claim.  See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n.5, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is GRANTED and the case is remanded to the BIA for further proceedings consistent with this order.  Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk