Imran v. Boente

BIA
Straus, IJ
A201 290 632

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of February, two thousand seventeen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge,*
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

MOHAMED IMRAN,
> *Petitioner,*

v.                                                    15-2230
                                                      NAC

DANA J. BOENTE, ACTING UNITED
STATES ATTORNEY GENERAL,
> *Respondent.**

_____

| | |
|---|---|
| **FOR PETITIONER:** | Visuvanathan Rudrakumaran, Law Office of Visuvanathan Rudrakumaran, New York, New York. |
| **FOR RESPONDENT:** | Benjamin C. Mizer, Principal Deputy Assistant Attorney General; John W. Blakeley, Assistant Director; Christina J. Martin, Trial Attorney, |

---

* The Clerk of Court is respectfully requested to amend the caption to conform to the above.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Mohamed Imran, a native and citizen of Sri Lanka, seeks review of a June 15, 2015, decision of the BIA affirming a January 29, 2014, decision of an Immigration Judge ("IJ") denying Imran's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohamed Imran,* No. A201 290 632 (B.I.A. June 15, 2015), *aff'g* No. A201 290 632 (Immig. Ct. Hartford Jan. 29, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The IJ concluded that Imran failed to establish that his four arrests were motivated by Sri Lankan officials' perception that he supported the Liberation Tigers of Tamil Eelam ("LTTE"). For asylum and withholding of removal, an

2

"applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for" the claimed persecution.   8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A). "[A]n imputed political opinion, whether correctly or incorrectly attributed, can constitute a ground of political persecution within the meaning of the Immigration and Nationality Act." *Chun Gao v. Gonzales*, 424 F.3d 122, 129 (2d Cir. 2005) (internal alterations and quotations omitted).   We review the IJ's nexus finding for substantial evidence, upholding that finding unless we are compelled to conclude that the alien was or will be persecuted on account of a protected ground.  *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992); *Gjolaj v. Bureau of Citizenship and Immig. Servs.*, 468 F.3d 140, 143 (2d Cir. 2006).   We review questions of law and applications of law to undisputed fact de novo.  *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

At least as to Imran's 2010 abduction, the IJ applied the law incorrectly.   Imran testified that in 2010, he was abducted by Sri Lankan authorities who questioned him about his prior arrests and his possible financial support for the LTTE, slapped

3

him, and threatened to kill him. When Imran denied the allegations, the officials forced him to pay a large bribe and told Imran to leave Sri Lanka immediately, threatening to kill him if he returned. The IJ concluded that the officials were motivated by a desire to extort money, not their perception that Imran supported the LTTE.

Although it is clear that the Sri Lankan officials extorted money from Imran, that point is not dispositive. The IJ appears to have concluded that criminal extortion was "*the* central reason" for the 2010 abduction, *Acharya v. Holder*, 761 F.3d 289, 298 (2d Cir. 2014) (emphasis added), without considering whether Imran's suspected LTTE involvement was "at least *one* central reason" for that abduction. 8 U.S.C. § 1158(b)(1)(B)(i); *see Acharya*, 761 F.3d at 299 (emphasis added) (finding legal error where IJ, "by recasting his inquiry as one into 'the central' as opposed to 'at least one central' reason for persecution,. . . vitiated the possibility of a mixed motive claim"). "[T]he conclusion that a cause of persecution is economic does not necessarily imply that there cannot exist other causes of the persecution." *Osorio v. INS*, 18 F.3d 1017, 1028 (2d Cir. 1994). Here, Imran provided "some evidence" that

4

the officers were motivated by his imputed political opinion, namely credible testimony that the officials questioned him about his prior arrests and whether he provided financial support for the LTTE. *In Re S-P-*, 21 I. & N. Dec. 486, 494 (BIA 1996) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 482-83 (1992)). This evidence strongly suggests that Imran's mistreatment was based on a protected ground.

Ultimately, the IJ "failed to consider the context in which" Imran's detention and extortion occurred. *Uwais v. U.S. Att'y Gen.*, 478 F.3d 513, 517 (2d Cir. 2007). In *Uwais*, the petitioner was arrested and detained on suspicion that she supported the LTTE, and officers tried to sexually assault her. The BIA concluded that the assault was not on account of a protected ground. We remanded, concluding that the petitioner's credible testimony "that she was arrested, detained, interrogated, and severely questioned . . . based on her suspected affiliation with the" LTTE was "by itself . . . sufficient to establish that [her] subsequent maltreatment was, at least in part, based on" an imputed political opinion. *Id.* at 518. We further concluded that the BIA "should have been sensitive to the obvious reality that if [the petitioner] had

5

not been arrested and detained on account of her suspected involvement with the Tamil Tigers, there would have been no attempted sexual assault." *Id.* (internal quotation marks omitted).

Here, Imran provided credible testimony that he was abducted and questioned about his suspected financial support for the LTTE, after which officers extorted money and forced him to leave Sri Lanka under pain of death. That testimony is "by itself . . . sufficient to establish that [his]" arrest, detention, death threats, and extortion "[were], at least in part, based on" an imputed political opinion. *Id.* Moreover, the IJ and BIA failed to consider "the obvious reality that if [Imran] had not been arrested and detained on account of [his] suspected involvement with the Tamil Tigers, there would have been no" extortion or forced exile. *Id.* (internal quotation marks omitted). Accordingly, the agency erred in its analysis of whether Imran showed that the harm he suffered bore a nexus to a protected ground.

Further, the agency should reconsider whether the harm rose to the level of persecution in light of the context of the harm. *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006) ("The

6

BIA must, therefore, be keenly sensitive to the fact that a 'minor beating' or, for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground."). Moreover, in discussing the severity of the harm, the IJ failed to mention that the government officials, while questioning Imran, threatened to kill Imran while questioning him. The agency is required to consider an applicant's experiences cumulatively, not in isolation. *See Poradisova v. Gonzales*, 420 F.3d 70, 79-80 (2d Cir. 2005). If found to have suffered past persecution, as the evidence suggests, Imran will be afforded a rebuttable presumption that he has a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1).

Imran also challenges the denial of CAT relief. The CAT prohibits the removal of any person to a country where it is more likely than not that the individual "would be tortured." 8 C.F.R. § 1208.16(c)(2). Here, the IJ acknowledged the State Department report's finding that Sri Lankan authorities continue to detain and torture suspected LTTE sympathizers, but concluded that, because Imran's 2010 abduction was for purposes

7

of extortion, he had failed to show that he was at risk of the mistreatment described in the report.  As noted above, Imran's credible testimony established that his suspected LTTE support was at least one motivation for the mistreatment he received, including threats that he would be killed for returning to Sri Lanka.

Moreover, the IJ did not take into account the full scope of Imran's past harm.  *Cf.* 8 C.F.R. § 1208.16(c)(3)(i).  The IJ stated that "the police officers who escorted [Imran] to the airport in 2010 told him not to return to the country.  But, there is insufficient evidence that, upon his return to Sri Lanka, these same officers or other authorities will subject him to torture."  The officers did not merely forbid Imran from returning to the country — they threatened to kill him if they found him again.  And the IJ noted that the country conditions evidence shows that Sri Lankan authorities continue to detain and torture suspected LTTE sympathizers.

Given Imran's testimony and the country conditions evidence, the IJ's decision is not supported by substantial evidence in the record.  On remand, the agency should address

whether Imran has established that it is more likely than not that he will be tortured. 8 C.F.R. § 1208.16(c)(2).

Finally, Imran also argues that the IJ ignored affidavits from his family and that the IJ was biased in favor of the Government. These arguments are meritless. The IJ explicitly stated that he considered the affidavits. Imran's allegation of bias is based on the IJ's solicitation of the Government's opinion as to whether Imran met his burden of proof. However, the IJ also asked Imran's attorney about legal issues in the case during the same discussion. Accordingly, there was no bias.

For the foregoing reasons, the petition for review is GRANTED, and the case is REMANDED for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

9