Martinez-Diaz v. Sessions

BIA
Verrillo, IJ
A206 798 022/023/024

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of April, two thousand seventeen.

PRESENT:
> DENNIS JACOBS,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

DINORA BEDALI MARTINEZ-DIAZ,
LINSSE ESTEFANY GUZMAN-MARTINEZ,
ENGLIVER GUSTAVO GUZMAN-MARTINEZ
> *Petitioners,*

v.                                        15-3345
                                          NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:          Robert C. Ross, West Haven, CT.

FOR RESPONDENT:           Benjamin C. Mizer, Principal Deputy
                          Assistant Attorney General, Claire
                          L. Workman, Senior Litigation
                          Counsel, Jane T. Schaffner, Trial
                          Attorney, Office of Immigration
                          Litigation, United States
                          Department of Justice, Washington,
                          DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Dinora Bedali Martinez-Diaz ("Martinez") and her minor children, Linsse Estefany and Engliver Gustavo Guzman-Martinez, all natives and citizens of Guatemala, seek review of a September 24, 2015, decision of the BIA affirming an April 15, 2015, decision of an Immigration Judge ("IJ") denying Martinez's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dinora Bedali Martinez-Diaz*, *Linsse Estefany Guzman-Martinez*, *Engliver Gustavo Guzman-Martinez*, Nos. A206 798 022/023/024 (B.I.A. Sep. 24, 2015), *aff'g* Nos. A206 798 022/023/024 (Immig. Ct. Hartford Apr. 15, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's decision "under the substantial evidence standard, reversing only if a reasonable adjudicator would be compelled to reach a contrary conclusion." *Gjolaj v. Bureau of*

2

*Citizenship and Immigration Servs.*, 468 F.3d 140, 142 (2d Cir. 2006). In order to demonstrate eligibility for asylum and withholding of removal, an applicant must show that she has been persecuted or has a fear of persecution, which is defined as "harm or suffering . . . inflicted upon an individual in order to punish [her] for possessing a belief or characteristic a persecutor sought to overcome." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985), *overruled in part on other grounds by INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987).

The applicant must further establish that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); 8 U.S.C. § 1231(b)(3)(A); *see also Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (BIA 2010). The BIA has explained that under this "one central reason" standard, "the protected ground cannot play a minor role in the alien's past mistreatment or fears of future mistreatment. That is, it cannot be incidental, tangential, superficial, or subordinate to another reason for harm." *In re J-B-N- and S-M-*, 24 I. & N. Dec. 208, 214 (BIA 2007). Generally, criminal extortion efforts do not constitute persecution on account of a protected ground. *In re T-M-B-*, 21 I. & N. Dec. 775, 779 (BIA 1997), *rev'd on other*

3

*grounds by Borja v. INS*, 175 F.3d 732 (9th Cir. 1999) (en banc); *In Re A-M-E- & J-G-U-*, 24 I. & N. Dec. 69, 76 (BIA 2007) (holding that mistreatment motivated by "increasing their own wealth at the expense of the respondents" does not constitute persecution on account of a protected ground), *rev'd on other grounds by Valdiviezo-Galdamez v. Att'y Gen. of United States*, 663 F.3d 582 (3d Cir. 2011).

The agency reasonably determined that Martinez did not establish a nexus between her claimed persecution and protected ground. Martinez primarily argues that she is a member of the social group of "Guatemalan mothers and women, caring for children alone without a spouse." In her application, however, she stated only that she feared returning to Guatemala because she has "received calls from extortionists asking . . . for money." She testified, similarly, that the callers asked for money and tried to extort her. The agency reasonably determined that the callers were only interested in increasing their own wealth.

Martinez also identifies other possible social group definitions and argues that the agency should have conducted a mixed motive analysis to determine whether her membership in a protected group was one central reason for her persecution, in addition to the pecuniary motive. Martinez argues that her

4

"gender, her motherhood, her status as caretaker to children whose father fled gang recruitment, her visibility as a single parent, her family connections to the [United States], and her lack of a male protector, all combined to make her vulnerable." But she points to nothing the record indicating that the extortionists targeted her, over other economically vulnerable segments of the population, due to these characteristics. As such, the agency's determination that Martinez failed to show a nexus between the threats and her status as a single mother was reasonable. *In Re A-M-E- & J-G-U-*, 24 I. & N. Dec. at 76 (requiring evidence that persons making threats were motivated by applicant's political opinion or membership in particular social group); *Gjolaj*, 468 F.3d at 143 (applying substantial evidence standard of review to nexus determinations).

The agency also reasonably determined that Martinez failed to demonstrate a well-founded fear of future persecution. An applicant's fear of future persecution must be objectively reasonable and contain "solid support in the record." *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005); *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). Martinez argues that if she returns to Guatemala, "[t]he gang, having been cheated of two victims, the Petitioner and her brother, will be looking for vengeance," but again points to

nothing in the record to support this proposition. The agency reasonably found no "testimony or evidence to put her fear in a factual context that would make it objectively reasonable."

Accordingly, because Martinez failed to establish past persecution or a well-founded fear of persecution on account of a protected ground, the agency did not err in denying asylum and withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *see also Matter of C-T-L-*, 25 I. & N. Dec. at 348.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk