*Lemus-de Umana v. Sessions*

BIA
Nelson, IJ
A 206 791 253 / 254 / 255 / 256

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of November, two thousand seventeen.

PRESENT:
> JON O. NEWMAN,
> RICHARD C. WESLEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*
_____

ELBIA NOEMI LEMUS-DE UMANA, KAREN JULISSA UMANA-LEMUS, OSCAR LEONIDAS UMANA-LEMUS, and YEIMI LISSETH UMANA-LEMUS,
> *Petitioners,*

v.                                          16-121
                                            NAC

JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*
_____


FOR PETITIONERS:            Judy Resnick, Far Rockaway, NY.

**FOR RESPONDENT:** Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Shelley R. Goad, Assistant Director; Julia J. Tyler, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Elbia Noemi Lemus-de Umana ("Umana") and her minor children, Karen Julissa, Oscar Leonidas, and Yeimi Lisseth Umana-Lemus, all natives and citizens of El Salvador, seek review of a December 15, 2015, decision of the BIA affirming a July 13, 2015, decision of an Immigration Judge ("IJ") denying Umana's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Elbia Noemi Lemus-de Umana, Karen Julissa Umana-Lemus, Oscar Leonidas Umana-Lemus, and Yeimi Lisseth Umana-Lemus,* Nos. A206 791 253/254/255/256 (B.I.A. Dec. 15, 2015), *aff'g* Nos. A206 791 253/254/255/256 (Immig. Ct. N.Y. City July 13, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

2

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Gjolaj v. Bureau of Citizenship & Immigration Servs.*, 468 F.3d 140, 142 (2d Cir. 2006). Petitioners have failed to challenge the dispositive bases of the agency's ruling, presenting no argument regarding either their proposed social group needed to state a claim for asylum and withholding of removal, or the government acquiescence needed to establish entitlement to CAT relief. Accordingly, Petitioners have effectively waived review. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("[I]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Even were we to excuse that waiver, our review of the record reveals no error in the agency's decisions.

To establish eligibility for asylum and withholding of removal based on membership in a particular social group, the applicant must establish both that the group is legally cognizable, *see Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir.

3

2014), and that the applicant has suffered past persecution or has demonstrated a well-founded fear or likelihood of future persecution "on account of" her membership in that group, *see Rodas Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010), i.e., the membership in the group must be "at least one central reason" for the alleged persecution, 8 U.S.C. § 1158(b)(1)(B)(i). A particular social group is cognizable if it refers to "a discrete class of persons" and "the relevant society perceives, considers, or recognizes the group as a distinct social group." *Matter of W-G-R-*, 26 I. & N. Dec. 208, 210, 217 (BIA 2014) (internal quotation marks omitted); *see Paloka*, 762 F.3d at 195 (deferring to the BIA's construction of "particular social group").

The agency reasonably found that Umana's initially proposed particular social group, "people who oppose and are threatened by gangs," could apply to "a diverse array of people with very differing characteristics." *See Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 239 (BIA 2014) (particular social group cannot be "amorphous, overbroad, diffuse, or subjective"). And Umana failed to show that the proposed group was perceived as a distinct social category in El Salvador. *Paloka*, 762 F.3d

at 196 ("[W]hat matters is whether society as a whole views a group as socially distinct.").  Moreover, Umana did not testify that she "opposed" the gangs; even if she had, she presented no evidence that her persecutors were aware of her stance, so she could not show that any harm was "on account of" her social group.  *Rodas Castro*, 597 F.3d at 100; *Kyaw Zwar Tun v. U.S. INS*, 445 F.3d 554, 565 (2d Cir. 2006) (applicant must show that his "persecutor is, or could become, aware of the applicant's possession of the disfavored belief or characteristic").  Instead, she testified that she believed she was targeted because she had a job and so was perceived to have money; however, the appearance of wealth is not sufficient to identify a particular social group.  *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 72-74 (2d Cir. 2007) (upholding BIA's determination that wealthy people are not a particular social group for asylum purposes).

Umana redefined her social group on appeal to the BIA as "people whose family members were murdered by gangs."  Again, the agency reasonably found that this group was overbroad and that there was no evidence of social distinction.  *Matter of M-E-V-G-*, 26 I. & N. Dec. at 239; *Paloka*, 762 F.3d at 196.  Nor

did Umana present any evidence that the threatening callers were aware of the fact that her husband was murdered. *Kyaw Zwar Tun*, 445 F.3d at 565; *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision.").

With respect to CAT relief, the agency reasonably determined that Umana did not show that she would more likely than not suffer torture at the hands of or with the acquiescence of a government official in El Salvador. The telephone threats here do not constitute torture. *See* 8 C.F.R. § 1208.16(c)(3)(1) (listing past torture as one factor to consider in CAT analysis); *Gui Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412 (2d Cir. 2006) (recognizing that unfulfilled threats do not rise to the level of past persecution). Nor did she establish that the police acquiesced in their behavior. At most, she shows that the police did not prioritize her reports, which does not rise to the level of refusal to act. *Cf. Aliyev v. Mukasey*, 549 F.3d 111, 119 (2d Cir. 2008) (finding government acquiescence where, "despite repeated reports of violence to

6

the police, no significant action was taken on [the alien's] behalf"). Umana presented no other evidence to show that it was more likely than not that she would be tortured by or with the acquiescence of a government official. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 158 (2d Cir. 2005) (denying petition where applicant presented no "particularized evidence suggesting that she is likely to be subjected to torture").

Finally, Umana contends that the IJ exhibited impermissible bias and speculation in denying her relief, and deprived her of due process. As discussed above, we find no error in the agency's decisions. Although framed as a due process claim, this argument merely expresses Umana's disagreement with the merits of the IJ's decision. She does not dispute that she received the "full and fair removal hearing" that due process requires. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 157 (2d Cir. 2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition

is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk