Barrera Pacheco v. Barr

BIA
Segal, IJ
A 205 308 418

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of November, two thousand twenty.

PRESENT:
> DENNY CHIN,
> JOSEPH F. BIANCO,
> WILLIAM J. NARDINI,
> > *Circuit Judges.*

_____

ROMAN BARRERA PACHECO,
AKA ROMAN BARRERA,
> *Petitioner,*

> v.                                    18-2021
>                                       NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          H. Raymond Fasano, Esq., Youman, Madeo & Fasano, LLP, New York, NY.

FOR RESPONDENT:          Jeffrey Bossert Clark, Acting Assistant Attorney General; Derek

C. Julius, Assistant Director; Bernard A. Joseph, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Roman Barrera Pacheco, a native and citizen of Mexico, seeks review of a June 13, 2018, decision of the BIA affirming an August 30, 2017, decision of an Immigration Judge ("IJ") denying his application for withholding of removal. *In re Roman Barrera Pacheco,* No. A205 308 418 (B.I.A. Jun. 13, 2018), *aff'g* No. A 205 308 418 (Immig. Ct. N.Y. City Aug. 30, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Barrera Pacheco has not challenged the denial of asylum as untimely, which was dispositive of that form of relief, or the denial of relief under the Convention Against Torture. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs

2

are considered waived and normally will not be addressed on appeal."). Accordingly, we address only the agency's denial of withholding of removal. We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. U.S. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Gjolaj v. Bureau of Citizenship & Immigr. Servs.*, 468 F.3d 140, 142-43 (2d Cir. 2006) (reviewing nexus determination for substantial evidence).

To demonstrate eligibility for withholding of removal, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *see also Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (BIA 2010) (applying "one central reason" standard to withholding). Under this "one central reason" standard, "the protected ground cannot play a minor role in the alien's past mistreatment or fears of future mistreatment. That is, it cannot be incidental,

3

tangential, superficial, or subordinate to another reason for harm." *In re J-B-N- & S-M-*, 24 I. & N. Dec. 208, 214 (BIA 2007); *Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir. 2014) (there may be "more than one motive for mistreatment, as long as at least one central reason for the mistreatment is on account of a protected ground" (internal quotation marks omitted)). An applicant "must provide *some* evidence of [a persecutor's motives], direct or circumstantial." *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 291 (2d Cir. 2007).

Barrera Pacheco argues for withholding based on his membership in the social group of a family that has been victimized by gangs. Assuming this is a cognizable social group, the agency reasonably determined that Barrera Pacheco failed to demonstrate that he suffered past persecution or has a well-founded fear of future persecution on account of his membership in this group.

Barrera Pacheco's membership in his family was not and would not be "one central reason" for his harm. *See In re J-B-N-* and *S-M-*, 24 I. & N. Dec. at 214. While Barrera Pacheco stated that the gangs harmed his brother and

4

brother-in-law, their familial status was incidental to the gang's main purpose of maintaining its criminal enterprise, which affects all of Mexican society. *See id.; Matter of L-E-A-*, 27 I. & N. Dec. 40, 45 (BIA 2017) ("[T]he fact that a persecutor has threatened an applicant and members of his family does not necessarily mean that the threats were motivated by family ties . . . [and] the fact that a persecutor targets a family member simply as a means to an end is not, by itself, sufficient to establish a claim, especially if the end is not connected to another protected ground."). For example, Barrera Pacheco's brother-in-law wrote that gang members assaulted him once because they believed he had "large sums of money" given his former residence in the United States, not because of his family ties. *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73-74 (2d Cir. 2007) (holding that "harm motivated purely by wealth is not persecution"). And Barrera Pacheco had no evidence that his family members have experienced ongoing harm given their family ties or prior residence in the United States. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999).

Barrera Pacheco now argues that the IJ ignored country

5

conditions evidence that gangs target already victimized families.  But general country conditions evidence is insufficient to establish that someone in Barrera Pacheco's particular circumstances would be harmed on account of a protected ground, *i.e.*, that gangs would likely target him because of his relationship to his family as opposed to his perceived wealth.  *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005) (requiring "particularized evidence" beyond general country conditions to support a fear-based claim); *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that "[i]n the absence of solid support in the record" for a claim of future persecution, an applicant's "fear is speculative at best").  Absent evidence that his family membership — as opposed to his perceived wealth — was a central reason the gangs targeted him or would target him in the future, the unfortunate criminal activity that Barrera Pacheco suffered and fears is not a basis for withholding of removal.  *See Ucelo-Gomez*, 509 F.3d at 73.

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court