Gonzalez-Polanco v. Rosen

BIA
Christensen, IJ
A 206 846 591/592

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand twenty-one.

PRESENT:
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> WILLIAM J. NARDINI,
>> *Circuit Judges.*

_____

MARIA FERNANDA GONZALEZ-POLANCO,
CHRISTOPHER MAURICIO ORELLANA-GONZALEZ
> *Petitioners,*

> v.                                        19-30
                                            NAC

JEFFREY A. ROSEN, ACTING UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*[1]

_____

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Jeffrey A. Rosen is substituted for former Attorney General William P. Barr.

**FOR PETITIONERS:**       H. Raymond Fasano, Attorney, Youman, Madeo & Fasano, LLP, New York, NY.

**FOR RESPONDENT:**       Jeffery Bossert Clark, Acting Assistant Attorney General; Shelley R. Goad , Assistant Director; Kristin Moresi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Maria Fernanda Gonzalez-Polanco and her son Christopher Mauricio Orellana-Gonzalez, both natives and citizens of Guatemala, seek review of a December 3, 2018, decision of the BIA affirming an October 23, 2017, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Maria Fernanda Gonzalez-Polanco, Christopher Mauricio Orellana-Gonzalez*, No. A 206 846 591/592 (B.I.A. Dec. 3, 2018), *aff'g* No. A 206 846 591/592 (Immig. Ct. New York City Oct. 23, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

2

We have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (reviewing factual findings for substantial evidence and questions of law de novo); *Gjolaj v. Bureau of Citizenship & Immigration Servs.*, 468 F.3d 140, 143 (2d Cir. 2006) (reviewing nexus determination for substantial evidence).

An asylum applicant must establish past persecution or a well-founded fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also Paloka*, 762 F.3d at 195 ("the applicant must establish both that the group itself was cognizable and that the alleged persecutors targeted the applicant on account of her membership in that group" (internal citations and quotation marks omitted)). Although persecutors may have more than one motive, *see Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir. 2014), "the protected

3

ground cannot play a minor role . . . [t]hat is, it cannot be incidental, tangential, superficial, or subordinate to another reason for harm," *In re J-B-N- & S-M-*, 24 I. & N. Dec. 208, 214 (B.I.A. 2007).

The agency reasonably determined that Gonzalez-Polanco failed to show that her membership in her proposed social group of single mothers without male protection was one central reason that gang members targeted her for extortion. Gonzalez-Polanco testified that gang members extorted her because they believed she had money from her partner in the United States. And she had no evidence that the gang members would have attempted to extort her if they did not think she could pay. Accordingly, the record reflects that the gang members' motivation was financial gain, not to harm her on account of a protected ground. *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a particular social group within the meaning of the INA."); *Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999)

("general crime conditions are not a stated ground" for asylum).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court

5